*Court of Common Pleas, Dauphin County, February 11th, 1867.*

ACKERMAN *v.* SMITH ET AL.

Unliquidated damages arising from a tort cannot be set forth in an affidavit of defence to an action *ex contractu*, as they are not a fair subject of set-off. No more than six per cent. interest can be lawfully contracted for, or allowed by the court in Pennsylvania.

BY THE COURT.—The affidavit presents as a defence a claim which would be entirely admissible on a trial. It is for unliquidated damages arising out of a different transaction, and not founded on contract, but on a tort or wrong done by manufacturing an inferior quality of oil, by which the defendant's credit was injured, and their custom lost. For this injury a special action on the case might be sustained, but not arising *ex contractu*, it is not the subject of set-off. Even if an express contract had been set forth to do the work well, the party could not set off the remote injury arising from the loss of custom, though possibly they might be permitted to show the loss sustained by a return of the oil, or deduction from its price on account of inferiority in quality, arising from a violation of contract. That portion of the defence arising from indebtedness for boarding is admissible, so far as it goes. That is a fair subject of set-off. If the plaintiff is willing to give credit for the sum claimed for boarding, he will be entitled to a judgment for the residue of his note, except a portion claimed as interest, one per cent. of which is illegal. No more than six per cent. can lawfully be contracted for in Pennsylvania, or, if bargained for, allowed by the courts. It is not in the form of a contract to pay the taxes on the loan under the act of March 27th, 1865, but simply and nakedly a bargain for usurious interest. If the plaintiff takes a judgment under this opinion, in the liquidation thereof, interest must be computed at six per cent., and a credit allowed for the boarding.

*Briggs, for plaintiff.*

*Fleming, for defendant.*